## No. 12,602.

THE PEOPLE EX REL. ATTORNEY GENERAL *v.* THOMAS.

(290 Pac. 283)

Decided June 16, 1930.   Rehearing denied July 10, 1930.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. OLIVER DEAN, Assistant, for the people.

Messrs. SWERER & JOHNSON, for respondent.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

The information in this cause was filed by the people on the relation of the Attorney General charges that Stephen F. Thomas, without having a license from this court, advertised, represented and held himself out as an attorney at law in this state, contrary to section 6017, C. L. 1921, and prays that he be punished for contempt of this court.

The specific charges are that:

"(a) On, to-wit, December 16, 1929, respondent filed in the District Court of the City and County of Denver a certain typewritten document, designated as a 'Petition' in which Edward Poole, minor, by his next friend and father, E. A. Poole, was named as plaintiff, and A. F. Takamine, doing business as A. F. Takamine Co., and Chas. M. Boyle were named as defendants; that said petition sets forth an alleged cause of action of plaintiff against defendants, on account of personal injuries received by plaintiff through the negligence of defendants, and that said petition was signed by respondent as attorney for plaintiff; that thereafter said case was numbered 107544, and was assigned to Division IV of said District Court; that on several occasions since the filing of said petition respondent has appeared in said Division IV, representing said plaintiff as attorney in certain interlocutory matters, and that recently respondent caused to be issued from said Division IV a citation in contempt against said defendant Chas. M. Boyle and that said citation has been set for hearing in said Division IV, at 10 o'clock A. M., on Thursday, April 24, 1930.

"(b) That after taking up his residence in said City and County of Denver, respondent caused to be printed or engraved a professional card bearing the following inscription: 'STEPHEN F. THOMAS, Lawyer, 314 Fourteenth St., Denver. Tabor 5488,' and since said time has used said card in advertising and representing himself as an attorney at law."

Respondent in his answer admits that he is a resident of Denver but denies that he is a citizen of the state of Colorado; admits that no license to practice law in the state of Colorado has ever been issued to him; denies that he has ever advertised, represented and held himself out as an attorney at law in the state of Colorado contrary to said statutes; admits the filing and prosecution of said suit in the district court, but in connection therewith alleges that permission was obtained from the presiding judge of the district court of the City and County of Denver that he represent plaintiff in said action as an attorney admitted to practice in a foreign state; admits that he caused to be printed certain business cards, but denies their use as charged and further alleges that he was admitted to the practice of law in the state of Missouri the 23d of November, A. D. 1926, and thereafter practiced law in said state until he came to Colorado; and denies that he had any intention to practice law in Colorado without a license save and except under the conditions above specified.

A hearing was had upon said charges before a commissioner appointed by this court who found that:

"(1) The respondent, Stephen F. Thomas, was on the 19th of September, 1929, and ever since has been a duly licensed attorney at law of and in the state of Missouri; and on said day at 34th and Osage streets in Denver, Colorado, he saw a boy, Edward A. Poole, Jr., injured by being struck by a truck.

"(2) He afterwards, September 26th, offered to take the matter up for the parents of said injured boy, and was employed by them 'to adjust and settle or prosecute' their claim by reason of said injury. The contract of employment was in writing, and a copy is hereto attached (Fol. 129). He did not claim to them to be an attorney of this state, but did hold himself out to them as having power to act as such in their case.

"(3) About November 1, 1929, he had professional cards printed, as alleged in the information, in the ex-

pectation of admission to the bar of Colorado on motion. He used but one of these cards, however, and that in connection with said employment.

"(4) November 19, 1929, he petitioned for leave to take the examination for admission to the bar of Colorado, stating that he was a resident of Colorado. (Fol. 124.)

"(5) December 16, 1929, he filed a complaint in the district court of Denver, himself appearing and signing as attorney for plaintiff. The action was by the boy by E. A. Poole, the father, as next friend. The respondent has appeared and acted as the sole attorney therein from thence hitherto, (Fol. 84) and the case is still pending in said court.

"(6) Before bringing said suit, he consulted with Messrs. Swerer and Johnson, attorneys of this court, and was advised by them that as an attorney of Missouri, he might properly act as attorney in said cause, and believed that by common usage and comity he might do so. He arranged with them to appear later with him in the case.

"(7) Your commissioner cannot find that he had or requested an order of the district court permitting him to appear as attorney in said cause, but finds that he understood that he had such permission.

"(8) At all times while acting as attorney in said district court, the respondent was a resident of the state of Colorado.

"And your commissioner finds as matters of law, as follows:

■■ "(1) That usage and comity do not permit a resident of this state, although an attorney of another state, to accept employment as an attorney at law or to act as such in this state while unlicensed by this court, and that by accepting such employment and acting thereon as in this case he holds himself out as an attorney at law in this state, as charged in the information.

■ "(2) That usage and comity do not permit an

attorney of another state to conduct a cause in this state, but only to participate in trial and argument when permitted, in its discretion, by the court in which he appears, and that by conducting said cause as above set forth, the respondent held himself out as an attorney in this state, as charged in the information.

■ "(3) That in representing to the parents of the plaintiff that he had authority to conduct their case as attorney, he held himself out as an attorney in this state, as charged in the information.

"The conclusion of your commissioner, therefore, is that the respondent is guilty of contempt as charged in the information.

"But since the respondent acted in the belief that he was within the rule of comity and usage, if your commissioner's recommendation be desired, it is that extreme leniency should be shown."

Respondent objected to the commissioner's finding No. 6 because he failed to include therein a finding that respondent was advised that he should secure permission from the court to begin such action. The objection is good and we shall treat the report as having contained such a finding.

As so modified we believe that the commissioner's findings of fact are fully supported by the evidence and that his findings of law state the law applicable thereto. We adopt the commissioner's report, adjudge the respondent in contempt of court and that he be sentenced therefor to the county jail of the City and County of Denver for a period of ten days unless he forthwith pay the sum of $50 and costs.